1  Christopher A. Carr (# 44444)
      ccarr@afrct.com
2  Melissa M. Coyle (# 232775)
      mcoyle@afrct.com
3  ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4  199 South Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
5  Tel:  (626) 535-1900 | Fax:   (626) 577-7764

6  Attorneys for Defendant
   WELLS FARGO BANK, N.A., successor
7  by merger with Wells Fargo Bank
   Southwest, N.A., f/k/a Wachovia Mortgage,
8  FSB, f/k/a World Savings Bank, FSB
   ("Wells Fargo")
9

10                    UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

12

13  AMANDA GORTON, an individual,          CASE NO.:  8:12-cv-01245-JVS-MLG

14              Plaintiff,                 **DEFENDANT WELLS FARGO'S**
                                           **OPPOSITION TO PLAINTIFF'S**
15      v.                                 **EX PARTE APPLICATION FOR**
                                           **TEMPORARY RESTRAINING**
16                                         **ORDER; MEMORANDUM OF**
   WELLS FARGO BANK, N.A., A/K/A           **POINTS AND AUTHORITIES**
17  WACHOVIA MORTGAGE, A
   DIVISION OF WELLS FARGO
18  BANK, N.A., AND F/K/A/
   WACHOVIA MORTGAGE, FSB;
19  NDEX WEST, L.L.C.; and all persons     [Assigned to the Hon. James V. Selna]
   or entities unknown claiming any legal
20  or equitable right, title, estate, lien or
   interest in the property described in this
21  Complaint adverse to Plaintiff's title
   thereto, and DOES 1 through 25,
22  inclusive,

23

24              Defendants.

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

**Page**

1.   INTRODUCTION ........................................................................... 1

2.   PLAINTIFF CANNOT SUCCEED ON HER CLAIMS ................................ 1

    A.   Civil Code Section 2923.5 Does Not Apply To This Loan ................. 2

    B.   Plaintiff's Fraud Claim Fails For Several Reasons........................... 3

        i.     Plaintiff Cannot Plead Specificity Under Rule 9....................... 4

        ii.    Plaintiff Cannot Plead Justifiable Reliance ............................. 5

        iii.   Plaintiff's Fraud Allegations Are Time-Barred......................... 5

        iv.    Plaintiff's Claims Have Been Fully Resolved In A Class Action And Are Barred By Res Judicata............................... 6

        v.     Plaintiff's Fraud Allegations Are Preempted by HOLA. ........... 8

    C.   Plaintiff Is Not Entitled To A Loan Modification ................................ 9

    D.   Plaintiff's Allegation That She Became Delinquent "As Instructed By Wells Fargo" Is Implausible As A Matter Of Law ...... 10

3.   THE BALANCE OF THE EQUITIES DOES NOT FAVOR PLAINTIFF ................................................................................. 11

    A.   Plaintiff's "Emergency" Is Self-Inflicted ........................................ 12

4.   IF A PRELIMINARY INJUNCTION ISSUES, THE COURT SHOULD CONDITION THE ORDER ON A BOND ............................... 13

5.   CONCLUSION ........................................................................... 14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Alcaraz v. Wachovia Mortg., FSB,*
  592 F. Supp. 2d 1296 (E.D. Cal. 2009) .......................................................... 11, 12

*Alliance for Wild Rockies v. Cottrell,*
  613 F. 3d 960 (9th Cir. 2010) ......................................................................... 2

*Appling v. Wachovia Mortgage, FSB,*
  2010 U.S. Dist. LEXIS 97726 (N.D. Cal. 2010) .................................................. 9

*Cell Therapeutics, Inc. v. Lash Group,* Inc.,
  586 F. 3d 1204, 1212 (2010) .......................................................................... 7

*Crews v. Wachovia Mortgage Corporation,*
  2010 U.S. Dist. LEXIS 77660 (C.D. Cal. 2010) .......................................... 11, 12

*De Ferguson v. Wachovia Mortgage, FSB,*
  2012 U.S. Dist. LEXIS 79501 (C.D. Cal. June 4, 2012) .................................. 3

*Dizon v. California Empire Bancorp, Inc.,*
  2009 U.S. Dist. LEXIS 109339 (C.D. Cal. Nov. 9, 2009) ................................. 10

*Durkin v. Shea & Gould,*
  92 F. 3d 1510 (9th Cir. 1996) ......................................................................... 6

*Escobedo v. Countrywide Home Loans, Inc.,*
  2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009) ............................. 9, 10

*Garcia v. Wachovia Mortg. Corp.,*
  676 F. Supp. 2d 895 (C.D. Cal. 2009) ............................................................. 8

*Garcia v. Wells Fargo Bank,*
  2012 U.S. Dist. LEXIS 92333 (N.D. Cal. July 3, 2012) .................................... 9

*Gilder v. PGA Tour, Inc.,*
  936 F.2d 417 (9th Cir. 1991) .......................................................................... 2

*Glen Holly Entertainment, Inc. vs. Tektronix, Inc.,*
  100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999) ......................................... 4

*Jones-Boyle v. Washington Mutual Bank, F.A.,*
  2010 U.S. Dist. LEXIS 78208 (N.D. Cal. 2010) ................................................. 9

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Kuoha v. Equifirst Corp.*,
    2009 U.S. Dist. LEXIS 94699 (S.D. Cal. Oct. 7, 2009)......................................10

*Lew v. U.S. Bank N.A.*,
    2012 U.S. Dist. LEXIS 40983 (N.D. Cal. Mar. 26, 2012)...................................9

*Marbled Murrelet v. Babbitt*,
    83 F. 3d 1068 (9th Cir. 1996).............................................................................2

*Mazurek v. Armstrong*,
    520 U.S. 968, 117 S. Ct. 1865 (1997)................................................................2

*Migra v. Warren City School Dist. Bd. of Education*,
    465 U.S. 75 (1984)..............................................................................................7

*Mission Power Engineering Co. v. Cont'l Casualty Co.*,
    883 F. Supp. 448 (C.D. Cal. 1995)...................................................................12

*Mlejnecky v. Olympus Imaging Am., Inc.*,
    2011 U.S. Dist. LEXIS 42333 (E.D. Cal. April 18, 2011).................................4

*Morrison v. Wachovia Mortg. Corp.*,
    2011 U.S. Dist. LEXIS 155257 (C.D. Cal. Oct. 2011).....................................10

*Naulty v. Greenpoint Mortgage Funding, Inc.*,
    2009 U.S. Dist. LEXIS 79250 (N.D. Cal. Sept. 2, 2009)................................8, 9

*Paik v. Wells Fargo Bank, N.A.*,
    2011 U.S. Dist. LEXIS 3979 (N.D. Cal. Jan. 13, 2011)...................................13

*Pey v. Wachovia Mortg. Corp.*,
    2011 U.S. Dist. LEXIS 131699 (N.D. Cal. Nov. 15, 2011)................................8

*Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*,
    749 F. Supp. 2d 1022 (N.D. Cal. 2010)..............................................................3

*Senate of Calif. v. Mosbacher*,
    968 F. 2d 974 (9th Cir. Cal. 1992).....................................................................2

*Shepherd v. U.S. Bank, N.A.*,
    2009 U.S. Dist. LEXIS 105696 (C.D. Cal. 2009).......................................12, 13

*Tamburri v. Suntrust Mortg., Inc.*,
    2011 U.S. Dist. LEXIS 72202 (N.D. Cal. July 6, 2011)...................................13

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*TBK Partners, Ltd. v. Western Union Corp.*,
    675 F. 2d 456 (2d Cir. 1982) ................................................................. 6

*Villa v. Wells Fargo Bank, N.A.*,
    2010 U.S. Dist. LEXIS 23741 (S.D. Cal. Mar. 15, 2010) .................................. 10

*Western Sys., Inc. v. Ulloa*,
    958 F. 2d 864 (9th Cir. 1992) .............................................................. 7

**STATE CASES**

*Cadlo v. Owens-Illinois*,
    125 Cal. App. 4th 513 (2004) ............................................................. 5

*CAMSI IV v. Hunter Technology Corp.*,
    230 Cal. App. 3d 1525 (Cal. App. 6th Dist. 1991) ........................................ 5

*Mabry v. Superior Court*,
    185 Cal. App. 4th 208 (2010) ............................................................ 10

*Tarmann v. State Farm Mutual Auto Insurance Co.*,
    2 Cal. App. 4th 153 (1991) ............................................................... 4

*Tomlinson v. Qualcomm*,
    97 Cal. App. 4th 934 (2002) ............................................................. 5

*Villacres v. ABM Indus., Inc.*,
    189 Cal. App. 4th 562 (2010) ............................................................ 7

*Wilhelm v. Pray, Price, Williams & Russell*,
    186 Cal. App. 3d 1324 (1986) ........................................................... 4

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et. seq.* ................................................................. 3

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................. 9

Cal. Civ. Code §2923.5 .............................................................. 1, 2, 3, 10

Cal. Civ. Proc. Code § 338(d) .............................................................. 5

**RULES**

Fed. R. Civ. P. 9 .......................................................................... 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Fed. R. Civ. P. 9(b) ................................................................................ 4

Fed. R. Civ. P. 65(c) ............................................................................. 13

REGULATIONS

12 C.F.R. § 560.2(b)(4) ......................................................................... 8

12 C.F.R. § 560.2(b)(9) ......................................................................... 8

12 C.F.R. § 560.2(b)(10) ....................................................................... 3

OTHER AUTHORITIES

Wright, A. Miller, & M. Kane,
    *Federal Practice and Procedure* (2d Ed. 1995) ................................. 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## 1. INTRODUCTION

Plaintiff seeks to enjoin the trustee's sale of a piece of property securing a loan made in February 2008 between plaintiff and Wells Fargo's predecessor, World Savings Bank, FSB ("World").

Plaintiff basis her ex parte application for a TRO on two flawed arguments. First, plaintiff alleges that Wells Fargo did not comply with Civil Code § 2923.5. Section 2923.5 does not apply to loans made after January 1, 2008. Second, plaintiff alleges that there was fraud in the origination. As briefed below, this claim fails for several reasons.

Plaintiff defaulted on the deed of trust (Request for Judicial Notice ("RJN") Exh. A) in June 2010, and the following documents were recorded against the Property in the Official Records, County of Orange: a notice of default was recorded on November 12, 2010 (RJN Exh. B); a substitution of trustee was recorded on December 23, 2010 (RJN Exh. C); a notice of trustee's sale was recorded on March 14, 2012 setting the trustee's sale for April 3, 2012 (RJN Exh. D.)

The Property was set to proceed to sale on August 15, 2012. However, on August 15, 2012, the same day as the sale, plaintiff filed a petition for Chapter 13 bankruptcy. (RJN Exh. E.) Plaintiff's bankruptcy action was dismissed on August 23, 2012 due to failure to file all recorded documents. (RJN Exh. F.)

For the following reasons, this Court should deny Plaintiff's ex parte application for a TRO.

## 2. PLAINTIFF CANNOT SUCCEED ON HER CLAIMS

Under federal law, a party is entitled to a preliminary injunction if he demonstrates (1) a likelihood of success on the merits and the likelihood of irreparable injury if the injunction is not granted; or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  balance of hardships that tips sharply in his favor.  *Alliance for Wild Rockies v.*

2  *Cottrell*, 613 F. 3d 960 (9th Cir. 2010); *Marbled Murrelet v. Babbitt*, 83 F. 3d

3  1068, 1073 (9th Cir. 1996).  "Serious questions are 'substantial, difficult and

4  doubtful, as to make them a fair ground litigation and thus for more deliberative

5  investigation.'"  *Senate of Calif. v. Mosbacher*, 968 F. 2d 974, 977-978 (9th Cir.

6  Cal. 1992) (*quoting Gilder v. PGA Tour, Inc.*, 936 F. 2d 417, 422 (9th Cir. 1991).

7       "If the law is entirely against the position of the requesting party, neither of

8  these alternative tests will permit the issuance of a preliminary injunction."  *Senate*

9  *of Calif,* 968 F. 2d at 978 (emphasis added).

10       The party seeking a preliminary injunction bears the burden of justifying the

11  injunction through sufficient evidence.  "It frequently is observed that a

12  preliminary injunction is an extraordinary and drastic remedy, one that should not

13  be granted unless the movant, *by a clear showing*, carries the burden of

14  persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867

15  (1997) (emphasis in original) (*citing* 11A C. *Wright, A. Miller, & M. Kane,*

16  *Federal Practice and Procedure* § 2948, pp. 129-130 (2d ed. 1995)).  "[W]hat is at

17  issue here is not even a defendant's motion for summary judgment, but a plaintiff's

18  motion for preliminary injunctive relief, as to which the requirement for substantial

19  proof is *much higher*." *Id.* (emphasis added).

20       For the reasons briefed at length in Wells Fargo's motion to dismiss (Docket

21  No. 9) and as summarized below, plaintiff fails to meet her burden.[1]

22  **A.**     **Civil Code Section 2923.5 Does Not Apply To This Loan**

23       Plaintiff alleges that Wells Fargo has failed to comply with Civil Code

24  § 2923.5 prior to recording the notice of default.  (Document No. 13-1 8:13-18.)

25       Civil Code § 2923.5 which sets forth the pre-foreclosure contact

26  ────────────────

27  [1] Plaintiff has since filed a first amended however the claims addressed in this ex
    parte application are nearly identical to the claims addressed in the initial

28  complaint.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  requirements and notice periods, only applies to deeds of trust recorded from
2  January 1, 2003 to January 1, 2008.  Civ. Code § 2923.5.  By plaintiff's own
3  admissions, her loan was not recorded until February 27, 2008.  (FAC ¶¶ 13, 14;
4  *See also* RJN Exh. A.)

5  Furthermore, this claim is preempted by the Home Owners' Loan Act
6  ("HOLA"), 12 U.S.C. § 1461, *et. seq.*  Allegations of violation of Civil Code
7  § 2923.5 are preempted under 12 C.F.R. 560.2(b)(10) [Processing… [and]
8  servicing… of… mortgages].  *De Ferguson v. Wachovia Mortgage, FSB*, 2012
9  U.S. Dist. LEXIS 79501 (C.D. Cal. June 4, 2012) ("[t]he California Superior Court
10  interpreted the scope of section 2923.5 to be 'very narrow' and concluded that 'it is
11  not preempted [by HOLA] because the remedy for noncompliance is a simple
12  postponement of the foreclosure sale, nothing more.'  But the overwhelming
13  weight of authority has held that a section 2923.5 claim is preempted by
14  HOLA.[Citation]."); *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp.
15  2d 1022, 1033 (N.D. Cal. 2010) (Plaintiffs' § 2923.5 claim concerns the processing
16  and servicing of Plaintiffs' mortgage and is preempted by HOLA because §2923.5
17  "imposes a state law mandate about what information must be given to borrowers,
18  and includes a strict time frame for doing so.")

19  **B.    Plaintiff's Fraud Claim Fails For Several Reasons**

20  Plaintiff alleges fraud stating that defendants did not disclose the pick a
21  payment product was not a fixed term.  (Document No. 13-1 7:23-28.)
22  Furthermore, plaintiff alleges fraud in the loans' origination by stating her loan
23  application stated her gross monthly income as $5,820.00 where her real income
24  was $1,800.00 per month. (FAC ¶ 18.)

25  However, plaintiff admits that this language is set out in the loan documents.
26  (FAC ¶ 43.)  Plaintiff admits to signing the loan application.  (FAC ¶ 17.)

27  To state a fraud claim, a plaintiff must allege:  (i) a false representation of a
28  material fact, (ii) knowledge of its falsity, (iii) intent to defraud, (iv) actual and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

justifiable reliance, and (v) resulting damage.  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986).  In addition, to assert a fraud claim against a corporation, a plaintiff must also allege the names of the person or persons who allegedly made the fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal. App. 4th 153, 157 (1991).  "Plaintiffs must not only specify how alleged statements were false, but must specify how statements were false when they were made."  *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 U.S. Dist. LEXIS 42333, at * 16 (E.D. Cal. April 18, 2011).

### i.     Plaintiff Cannot Plead Specificity Under Rule 9

Under Rule 9(b) of the Federal Rules of Civil Procedure, fraud allegations are subject to a higher pleading standard, and must be specifically pled.  *Glen Holly Entertainment, Inc. vs. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999).  Rule 9(b) serves to furnish the defendant with notice, but also imposes the additional obligation on the plaintiff to "aver with particularity the circumstances constituting the fraud."  In addition, to assert a fraud claim against a corporation, a plaintiff must also allege the names of the person or persons who allegedly made the fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.  *Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal. App. 4th 153, 157 (1991). "Plaintiffs must not only specify how alleged statements were false, but must specify how statements were false when they were made."  *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 U.S. Dist. LEXIS 42333, at * 16 (E.D. Cal. April 18, 2011).

Plaintiff alleges that "Defendants" failed to make certain disclosures. (Document No. 13-1 2:12-26; FAC ¶ 43.)  Not only does plaintiff fail to specify the name of the individual, the individual's authority to speak, and whether it was

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  spoken or written, plaintiff fails to even identify *which* defendant failed to make

2  the disclosures.  This does not meet the specificity standard.

3      **ii.**    <u>Plaintiff Cannot Plead Justifiable Reliance</u>

4      A fraud claim must allege specific *facts* supporting the supposed

5  reliance.  Thus, the mere assertion of "reliance" is insufficient.  *Cadlo v. Owens-*

6  *Illinois*, 125 Cal. App. 4th 513, 519 (2004).

7      More importantly, any exaggerations on the loan application were plaintiff's

8  misrepresentations to Wells Fargo.  Plaintiff admits signing a loan application that

9  dramatically inflates her stated income.  (FAC ¶¶ 17, 18, 50.)  Because plaintiff

10  made this alleged misrepresentation, reliance on a statement of defendants could

11  not occur.  Put quite simply, plaintiff cannot plausibly allege reliance on her own

12  misrepresentation.

13      As a corollary to this obvious principle, a plaintiff cannot claim to have

14  reasonably relied on a promise that directly contradicted the documents she

15  signed.  *Tomlinson v. Qualcomm*, 97 Cal. App. 4th 934, 946 (2002).  Here, plaintiff

16  was given the final loan documents which contained the adjustable rate, the

17  monthly payment changes, and any other "undesirable" loan terms.

18      **iii.**    <u>Plaintiff's Fraud Allegations Are Time-Barred</u>

19      Plaintiff alleges that Wells Fargo failed to make various disclosures at the

20  origination of this loan in February 2008.  This claim is barred by the three-year

21  statute of limitations for fraud found in Cal. Code of Civ. Proc. § 338(d).

22      In an attempt to save her fraud claim from the statute of limitations, plaintiff

23  argues that she only recently discovered defendants' unlawful suppression of facts

24  and intentional acts of deception.  (FAC ¶ 18.)

25      Nonetheless, plaintiff's patently false discovery allegations are insufficient

26  to support delayed discovery.  A plaintiff relying on delayed discovery must allege

27  specific facts establishing "the inability to have made earlier discovery despite

28  reasonable diligence."  *CAMSI IV v. Hunter Technology Corp.,* 230 Cal. App. 3d

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   1525 (Cal. App. 6th Dist. 1991).  Plaintiff's allegations regarding the "now

2   significant increase in monthly payment" do not address the "inability to have

3   made earlier discovery" by other means.  Plaintiff admits that the loan documents

4   that she signed and received stated "[m]y monthly payment will change …

5   beginning on the 1st day of April, 2009 and on that day every 12th month

6   thereafter."  (FAC ¶ 44.)  Plaintiff therefore should have discovered her claims

7   anytime since signing the loan documents by reviewing the note and exercising

8   any degree of "reasonable diligence."  Moreover, the complaint admits that

9   plaintiff received her monthly loan statements, every one of which provided her

10   with the reasonable "ability to have made earlier discovery" of the negative

11   amortization.

12      **iv.**   Plaintiff's Claims Have Been Fully Resolved In A Class Action And

13          Are Barred By Res Judicata

14      Plaintiff is a member of a class action which has fully and finally resolved

15   her challenges to the origination of the Loan.  The Northern District Court of

16   California certified a class action to include all borrowers under "Pick-A-Payment"

17   loans issued by World Savings Bank, FSB and Wachovia Mortgage F.S.B.

18   between August 1, 2003 and December 31, 2008 (the "Class Action").  (RJN Ex. G

19   at 5:25-27.)  Plaintiff is included in the class and did not opt-out.  (RJN Ex. H, at

20   pg. 81 of 91.)  Approval of the Class Action Settlement resulted in a dismissal of

21   claims *with prejudice*.  (RJN Ex. I.)

22      A court-approved class action settlement serves to bar future claims of class

23   members because, "restricting the res judicata effect of class action settlements

24   would lessen a defendant's incentive to settle."  *Durkin v. Shea & Gould*, 92 F. 3d

25   1510, 1518 (9th Cir. 1996) (quoting *Valerio v. Boise Cascade Corp.*, 80 F.R.D.

26   626, 649 (N.D. Cal. 1978); *see also, TBK Partners, Ltd. v. Western Union Corp.*,

27   675 F. 2d 456, 460 (2d Cir. 1982) ("in order to achieve a comprehensive settlement

28   that would prevent relitigation of settled questions at the core of a class action, a

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.")

The doctrine of res judicata (or "claim preclusion") bars any claim that was actually raised in the prior litigation as well as any claims that *could have* been raised. *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 77 (1984); *Cell Therapeutics, Inc. v. Lash Group*, Inc., 586 F. 3d 1204, 1212 (2010); *Villacres v. ABM Indus., Inc.*, 189 Cal. App. 4th 562 (2010).  Thus, it does not matter if the prior action asserted the same legal theories or causes of action.  Res judicata applies as long as the prior action arose out of the same transaction or series of transactions as the origination action.  *Western Sys., Inc. v. Ulloa,* 958 F. 2d 864, 871 (9th Cir. 1992), *cert denied* 506 U.S. 1050 (1993).

As noted in the order approving the class action, it involved claims that Wells Fargo's Pick-A-Payment loans violated TILA and various state laws because the relevant loan documents allegedly "failed to make adequate disclosures regarding the certainty of negative amortization, the actual payment schedules, the interest rates on which these schedules were based, and the full terms of the parties' legal obligations."  (RJN Ex. G at 2:10-14.)

According to the FAC, plaintiff brings her action based on material facts that defendants failed to disclose including that: (1) the main component of the loan was negative amortization (FAC ¶ 2); (2) the monthly payment amount listed in the loan documents would change after one year (FAC ¶ 2); (3) the interest rate would be calculated in a manner so that the unpaid principal could never exceed an amount equal to 125% of the Principal amount owed (FAC ¶ 2); (4) the Loan at issue was guaranteed and intended to result in the loss of plaintiff's equity (FAC ¶ 2); and (5) "the monthly payments were absolutely guaranteed to increase because no payment of the principal was being made, with increased payments beginning with the thirteenth month."  (FAC ¶ 2).  These allegations are parroted throughout

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   the entire complaint.  Plaintiff's claims mirror those adjudicated by the Class

2   Action, therefore the court-approved settlement and dismissal with prejudice binds

3   plaintiff and bars the first, third, fifth, sixth, seventh, and eighth claims in the first

4   amended, as well as any other claims that purport to rely on the allegations asserted

5   in the Class Action.  *Pey v. Wachovia Mortg. Corp.*, 2011 U.S. Dist. LEXIS

6   131699 (N.D. Cal. Nov. 15, 2011)(finding claims similar to plaintiff's to be barred

7   by the doctrine of res judicata as a result of the same class action settlement).

8       **v.**    <u>Plaintiff's Fraud Allegations Are Preempted by HOLA.</u>

9       Throughout the complaint, plaintiff alleges that Wells Fargo did not properly

10   disclose information about the loan during its origination.  (FAC ¶¶ 2, 50-57.)  For

11   example, plaintiff alleges that Wells Fargo "failed to disclose" certain "material

12   facts" regarding negative amortization, the initial interest rate, monthly payments,

13   and the loan's effect on equity. (FAC ¶ 2.)  Plaintiff alleges the "loan was marketed

14   in a way which fails to fully disclose all material terms" using "brochures, flyers,

15   and other substantially identical marketing material."

16       These claims fit squarely within §§ 560.2(b)(4) ["terms of credit"],

17   560.2(b)(9) ["disclosure and advertising"] and (b)(10) ["origination… of…

18   mortgages"] and are therefore preempted. *Garcia v. Wachovia Mortg. Corp.*, 676

19   F. Supp. 2d 895, 913 (C.D. Cal. 2009) ("the claims relating to the loan's negative

20   amortization features and teaser rates, and failure to provide adjustable rate

21   mortgage disclosure notice… are preempted by 12 C.F.R. § 560.2(b)(4) and

22   (b)(9)"). In *Naulty v. Greenpoint Mortgage Funding, Inc.*, 2009 U.S. Dist. LEXIS

23   79250, *12-13 (N.D. Cal. Sept. 2, 2009), the court held:

24       Plaintiffs make allegations regarding the terms of credit that
    Wachovia provided to plaintiffs, disclosures that Wachovia did or did

25       not give to plaintiffs, Wachovia's underwriting standards, and
    Wachovia's marketing and servicing of the loans. Plaintiffs are

26       attempting to leverage state laws to impose requirements on the way
    Wachovia manages its lending operations, including requirements

27       regarding terms of credit, see id. § 560.2(b)(4), loan-related fees, see

28       id. § 560.2(b)(5), disclosure and advertising, see id. § 560.2(b)(9), and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    processing, origination and sale of mortgages, see id. § 560.2(b)(10).
2    These activities are matters committed by Congress to regulation by a
3    federal agency. As such, each of plaintiff's state law causes of action
against Wachovia is explicitly preempted under paragraph (b) of
section 560.2.

4

5    *Id.*; *Lew v. U.S. Bank N.A.*, 2012 U.S. Dist. LEXIS 40983 (N.D. Cal. Mar.

6  26, 2012)(finding plaintiff's allegations that defendant "did not disclose that the

7  'teaser' rate was only temporary, and the disclosed payment schedule, if followed,

8  would inevitably lead to negative amortization and a loss in equity" were

9  "expressly preempted by [HOLA]."); *Garcia v. Wells Fargo Bank*, 2012 U.S. Dist.

10  LEXIS 92333 (N.D. Cal. July 3, 2012)(holding claims that Wells Fargo "engaged

11  in misrepresentation in one form or another during the loan origination process"

12  "would regulate lending in a way expressly contemplated by [HOLA]" and were

13  therefore preempted.); *Jones-Boyle v. Washington Mutual Bank, F.A.*, 2010 U.S.

14  Dist. LEXIS 78208 (N.D. Cal. 2010) (claims for fraudulent omissions, violation of

15  Business & Professions Code § 17200, breach of contract and the implied covenant

16  based failure to disclose negative amortization and failure to explain the terms of

17  an adjustable rate loan preempted by HOLA); *Appling v. Wachovia Mortgage,*

18  *FSB*, 2010 U.S. Dist. LEXIS 97726 (N.D. Cal. 2010) (claim for violation of

19  Business & Professions Code § 17200 based failure to disclose loan terms and

20  negative amortization preempted by HOLA).

21  **C.**    **Plaintiff Is Not Entitled To A Loan Modification**

22    Plaintiff alleges that Wells Fargo denied plaintiff for a loan modification and

23  provided plaintiff with no clear reason for her denial.  There is no California or

24  federal law mandating a modification of plaintiff's loan.

25    HAMP, however, does not mandate a lender to modify all mortgages that

26  meet the eligibility requirements.  Rather, "[p]articipating servicers are required to

27  *consider* all eligible loans under the program guidelines unless prohibited by the

28  rules of the applicable PSA and/or other investor servicing agreements." *Escobedo*

1 | *v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017, at *7 (S.D. Cal.

2 | Dec. 15, 2009) (emphasis added); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist.

3 | LEXIS 23741, at *7 (S.D. Cal. Mar. 15, 2010) ("the HAMP agreement did not

4 | require loan servicers to modify eligible loans; thus . . . the borrowers lacked

5 | standing to enforce the agreement.")  As a result, the *Escobedo* and *Villa* courts

6 | both granted the banks' motions to dismiss with prejudice.

7 | Likewise, Civil Code § 2923.5 imposes no binding obligations on lenders.

8 | The court in *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010), held that

9 | there is no right to a loan modification under the statute.  *Id.*, at 214, 222-223,

10 | n.9, 231.  Civil Code § 2923.5 merely requires discussions concerning

11 | foreclosure alternatives.  *Dizon v. California Empire Bancorp, Inc.*, 2009 U.S.

12 | Dist. LEXIS 109339, at *14 (C.D. Cal. Nov. 9, 2009); *Kuoha v. Equifirst Corp.*,

13 | 2009 U.S. Dist. LEXIS 94699, at *13 (S.D. Cal. Oct. 7, 2009) ("Section 2923.5

14 | imposes no such mandate.")

15 | **D.   Plaintiff's Allegation That She Became Delinquent "As Instructed By**

16 | **Wells Fargo" Is Implausible As A Matter Of Law**

17 | Plaintiff claims that she was instructed to become delinquent on her loan.

18 | (Document No. 13-1 6:15-16.)  This claim is "implausible as a matter of law."

19 | *Morrison v. Wachovia Mortg. Corp.,* 2011 U.S. Dist. LEXIS 155257, *5 (C.D. Cal.

20 | Oct. 2011) ("Insofar as plaintiff alleges that she would have timely paid her

21 | mortgage but-for Wachovia's "advice" to fall behind on her payments in order to

22 | secure a loan modification, her claims are implausible as a matter of law.")  The

23 | *Morrison* Court held that because the plaintiff did not allege she could reinstate the

24 | loan, as is the case here, any claim of reliance or damages is insufficient as "the

25 | damages do not appear plausibly attributable to the alleged misrepresentation

26 | because plaintiff could not cure the default."  *Id.,* at *5 (citing *Adegbenga*

27 | *Adesokan v. U.S. Bank, N.A,* 2012 U.S. Dist. LEXIS 15192 (E.D. Cal. Feb. 2012).

28 | Here, plaintiff has not alleged she had the ability to reinstate the loan.  This

1     is further evident by plaintiff's August 2012 bankruptcy filing. (RJN Exhs. K, L.)

2     **3.    THE BALANCE OF THE EQUITIES DOES NOT FAVOR PLAINTIFF**

3        As for the balance of equities, it is axiomatic that foreclosures pose a

4     hardship on borrowers.  However, if this were the central consideration,

5     foreclosures would never take place.  *Crews v. Wachovia Mortgage Corporation*,

6     2010 U.S. Dist. LEXIS 77660, *12 (C.D. Cal. 2010); *Alcaraz v. Wachovia Mortg.,*

7     *FSB*, 592 F. Supp. 2d 1296, 1301-02 (E.D. Cal. 2009) ("Clearly, the loss of a home

8     is a serious injury.  However, the record suggests that [plaintiff] sought a loan

9     beyond her financial means and expectation of job loss.  Such resulting harm does

10    not alone entitle her to injunctive relief.")

11       The *Alcaraz* court balanced the relative hardships.  The plaintiff asserted that

12    the balance of hardships tipped in her favor because (1) "'looming foreclosure

13    gives [the lender] an undeserved strong hand' to attempt 'to force an unfair

14    settlement;'" (2) there was "an absence of hardship to [the lender] from an

15    preliminary injunction it that it 'holds a deed of trust' with a 'pending

16    foreclosure;'" and (3) there was "no evidence of damage to the property pending

17    trial."  *Id.* at 1305.

18       The lender responded that the balance of hardships tipped in its favor

19    because (1) the plaintiff "has made no payments in more than a year and that her

20    debt exceeds $544,000 with interest accruing at a $ 90 plus per day rate;" (2) the

21    plaintiff "has lived 'payment free for over a year at [the lender's] expense;'" (3)

22    there were "'serious questions about the factual accuracy'" of the complaint; and

23    (4) the plaintiff "fail[ed] to 'do equity'" by tendering her indebtedness "or

24    [offering] to do so."  *Id.* at 1305-06.

25       Just as in *Alcaraz*, plaintiffs here defaulted and have not made payment since

26    June 2010.  (RJN Exh. H, p. 2.)  Plaintiff has resided on the property rent free at

27    Wells Fargo's expense, without tendering the indebtedness due.  *Id.,* at 1306.  In

28    addition, rather than litigating the first case and complying with this Court's order,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  plaintiffs attempted to circumvent jurisdiction of this Court by re-filing this action

2  in Superior Court.  In short, plaintiffs fail "to demonstrate that the balance of

3  hardships weighs in her favor given [their] continuing inability to make payments

4  toward [their] sizeable debt.  Postponing [the lender's] lawful relief offers nothing

5  to tip the balance in favor of [plaintiffs]."  *Id*

6      As such, plaintiff's assertion that plaintiff would suffer "serious and

7  irreparable harm" alone is not grounds for injunctive relief.

8      **A.**    <u>**Plaintiff's "Emergency" Is Self-Inflicted**</u>

9      After Wells Fargo originally noticed the trustee's sale, it was rescheduled for

10  August 15, 2012.  The morning of the trustee's sale, plaintiff filed for bankruptcy

11  relief thus receiving an automatic stay.  The trustee's sale was postponed until

12  September 17, 2012 and now, just two court days before the sale, plaintiff files this

13  ex parte application for a TRO.

14      Plaintiff's eleventh hour request should not be rewarded or condoned by the

15  Court.  Plaintiff's dilatory conduct has given Wells Fargo little time to respond to

16  the application, not to mention the Court little time to decide.

17      In *Mission Power Engineering Co. v. Cont'l Casualty Co.*, 883 F. Supp. 448

18  (C.D. Cal. 1995), the Court held that ex parte applications must satisfy two

19  conditions: 1) the moving party must show that it will be irreparably prejudiced if

20  the application is heard on regular notice; and, 2) "the moving party is without

21  fault in creating the crisis that requires ex parte relief, or that the crisis occurred as

22  a result of excusable neglect."  *Id.*, at 492.

23      "Ex parte applications are not intended to save the day for parties who have

24  failed to present requests when they should have…"  *Id.*, 883 F. Supp. at 493; *see*

25  *also, Shepherd v. U.S. Bank, N.A.*, 2009 U.S. Dist. LEXIS 105696, * 3-4 (C.D. Cal.

26  2009)(denying ex parte request to enjoin execution of Notice to Vacate that

27  plaintiff knew of for 3 days).

28      *Crews* offered the same concerns over timing that plaintiff created here.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   There the Court held: "Most importantly, the balance of equities tips in defendant's

2   favor on account of plaintiff's unexplained delay in seeking injunctive relief."

3   Plaintiff's ex parte application is a classic instance of an improper 11th-hour

4   request for emergency relief.  There is no emergency here except for the one

5   created by plaintiff's own actions.  *Id.*, at *12.

6   **4.   IF A PRELIMINARY INJUNCTION ISSUES, THE COURT SHOULD**

7   **CONDITION THE ORDER ON A BOND**

8       If the Court is inclined to issue a temporary restraining order and set an

9   order to show cause re: preliminary injunction, plaintiff should be required to post

10  a bond to protect Wells Fargo from the damage of an improvidently issued

11  restraint.

12      "The court may issue a preliminary injunction or a temporary restraining

13  order only if the movant gives security in an amount that the court considers proper

14  to pay the costs and damages sustained by any party found to have been

15  wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  *See, Tamburri v.*

16  *Suntrust Mortg., Inc.*, 2011 U.S. Dist. LEXIS 72202, 14-15 (N.D. Cal. July 6,

17  2011) (*citing Paik v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 3979 (N.D.

18  Cal. Jan. 13, 2011)).

19      A bond in the amount of $50,000 should be required if a TRO is issued for

20  the attorney's fees Wells Fargo is likely to incur in defending this action.  In the

21  very least, plaintiff's should be required to post a bond in the amount of the arrears,

22  as of the date of this application.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

## 5.   <u>CONCLUSION</u>

2         For the foregoing reasons, Wells Fargo respectfully requests that this Court

3  deny plaintiff's request for a TRO and allow Wells Fargo to enforce its deed of

4  trust and proceed to sale.

5

6

7  Dated:  September 14, 2012

Respectfully submitted,
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP

8

9                                      By:  ____/s/ Melissa M. Coyle_____
                                           Melissa M. Coyle

10                                          mcoyle@afrct.com
                                       Attorneys for Defendant

11                                     WELLS FARGO BANK, N.A., successor
                                       by merger with Wells Fargo Bank

12                                     Southwest, N.A., f/k/a Wachovia Mortgage,
                                       FSB, f/k/a World Savings Bank, FSB

13                                     ("Wells Fargo")

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **CERTIFICATE OF SERVICE**

2      I, the undersigned, declare that I am over the age of 18 and am not a party to
3  this action.  I am employed in the City of Pasadena, California; my business
   address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los
4  Robles Avenue, Suite 600, Pasadena, California  91101-2459.

5      On the date below, I served a copy of the foregoing document entitled:

6  **DEFENDANT WELLS FARGO'S OPPOSITION TO PLAINTIFF'S EX
   PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER;
7  MEMORANDUM OF POINTS AND AUTHORITIES**

8  on the interested parties in said case as follows:

9

10 | **Served Via the** | **Served By Means Other than** |
   | **Court's CM/ECF System** | **Electronically Via the Court's** |
11 | | **CM/ECF System** |

12 *Attorneys for Plaintiff:*            *Attorneys for Defendant*
                                         *NDeX West, LLC*
13 September J. Katje, Esq.
   Consumer Litigation Law Center, APC
14 100 N. Barranca Avenue, Suite 700     Edward A. Treder, Esq.
   West Covina, CA 91791                 BARRETT, DAFFIN, FRAPPIER,
15 Tel:  (800) 787-5616                  TREDER & WEISS LLP
   Fax:  (888) 909-7947                  20955 Pathfinder Road, Suite 300
16 sk@consumerlitigationlawcenter.com    Diamond Bar, CA  91765
                                         edwardt@bdfgroup.com
17                                       Tel:  (626) 915-5714
                                         Fax:  (909) 595-7640
18

19 ☒    **BY MAIL:** I am readily familiar with the firm's practice of collection and
        processing correspondence by mailing.  Under that same practice it would
20      be deposited with U.S. Postal Service on that same day with postage fully
        prepaid at Pasadena, California in the ordinary course of business.  I am
21      aware that on motion of the party served, service is presumed invalid if
        postal cancellation date or postage meter date is more than one day after
22      date of deposit for mailing in affidavit.

23

24      I declare under penalty of perjury under the laws of the United States of
   America that the foregoing is true and correct.  I declare that I am employed in
25 the office of a member of the Bar of this Court, at whose direction the service
   was made.  This declaration is executed in Pasadena, California on September 14,
26 2012.

27 Leslie Coumans                       */s/  Leslie Coumans*
   _____              _____
28     (Type or Print Name)                (Signature of Declarant)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP