UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-01245 JVS (MLGx)                              Date  June 3, 2013

Title  Amanda Gorton v. Wells Fargo Bank NA, et al.

Present: The Honorable     James V. Selna

Ellen N. Matheson for Karla J. Tunis                Sharon Seffens
Deputy Clerk                                        Court Reporter

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:
Kimberly A. Moses                              Fred Hickman

**Proceedings:**   Defendant Wells Fargo Bank's Motion to Dismiss

Cause called and counsel make their appearances. The Court's Tentative Ruling is issued. Plaintiff counsel addresses the Court. Defendant submits on the Tentative Ruling. The Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss and rules in accordance with the Tentative Ruling as follows:

The present action arises out of Plaintiff's attempt to save her residence from foreclosure. Defendant Wells Fargo Bank Southwest, N.A. ("Wells Fargo") moves to dismiss all claims set forth in the Third Amended Complaint ("TAC"). (Docket No. 56.) Plaintiff filed a timely Opposition, and Wells Fargo filed a Reply brief in support of the Motion to Dismiss. (Docket Nos. 59-60.) For the reasons set forth below, the Court grants in part and denies in part the Motion to Dismiss.

The Court has twice before considered the pleading sufficiency of Plaintiff's claims. Most recently, the Court denied the Motion to Dismiss Plaintiff's claim pursuant to the Real Estate Settlement Procedures Act ("RESPA"). (Docket No. 36.) Thereafter, Plaintiff sought and obtained leave of Court to file the TAC. (Docket No. 54.) The TAC makes additional factual allegations and adds an additional cause of action based on the California Homeowners Bill of Rights ("HBOR"). Wells Fargo argues that the additional factual allegations require dismissal of the RESPA claim, and that the HBOR claim is preempted by federal law. As set forth below, the Court agrees with the latter contention, and dismisses Plaintiff's HBOR, but denies the Motion to Dismiss the RESPA claim.

I.    Factual Background

The factual background includes Plaintiff's factual allegations set forth in the TAC and documents she incorporates by reference in the TAC that are attached thereto. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). It also includes documents of which Wells Fargo requests the Court take judicial notice. See Fed. R. Evid. 201 (judicial notice); Lee v. City of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-01245 JVS (MLGx)                    Date   June 3, 2013

Title   Amanda Gorton v. Wells Fargo Bank NA, et al.

Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (courts may judicially notice public documents); Def's. Req. for Judicial Notice (Docket No. 58) ("RJN").

On February 27, 2008, Plaintiff obtained a mortgage loan in the amount of $417,000 from Wells Fargo's predecessor Wachovia Mortgage FSB ("Wachovia") to purchase her residence in Seal Beach, California.  (¶ 11.)[1]

In February 2010, Plaintiff sought loan modification from Defendants.  (¶ 12.)  Because Plaintiff was not delinquent on her loan, she did not qualify for a loan modification and was advised by Wells Fargo to withhold payment to become qualified.  (¶ 12.)  Thereafter, Plaintiff applied for loan modification.  (¶ 13.)  About three to four months later, Wells Fargo denied the request without providing Plaintiff with a clear reason for the denial.  (¶ 13.)

On February 11, 2011, Wells Fargo recorded a Notice of Trustee's sale.  (¶ 14.)

On February 13, 2013, Plaintiff submitted a request for loan modification based on a material change in her financial condition because her monthly income had increased by almost 35%.  (¶ 15.)  On February 22, 2013, Wells Fargo denied further review of Plaintiff's application because there had been no material change in Plaintiff's financial condition.  (¶ 16.)  Plaintiff appealed this decision the next day.  (¶ 17.)  Wells Fargo responded four days later that it would not consider any appeals or postponement of the pending trustee sale.[2]  (¶ 18.)

II.   Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

Pursuant to Rule 12(b)(6), of the Federal Rules of Civil Procedure, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff's factual allegations support reasonable inferences that could support a finding of liability.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Most succinctly stated, a pleading must set forth allegations that

---

[1]  All otherwise undesignated paragraph references are to the TAC.

[2]  Plaintiff also sought a Temporary Restraining Order from this Court, but the Court denied Plaintiff's application therefor.  (Docket No. 52.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-01245 JVS (MLGx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | Amanda Gorton v. Wells Fargo Bank NA, et al. | | |

have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1940. Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1950 (quoting Twombly, 550 U.S. at 555). "In keeping with these principles[,] a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950.

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense; there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

In addition to considering Plaintiff's allegations, the Court may consider documents which Plaintiff incorporates by reference and attaches to the TAC, and documents of which the Court takes judicial notice. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (courts may judicially notice public documents).

### III.   RESPA

The bases for Plaintiff's RESPA claim in the TAC are identical to those advanced in the SAC. The Court's discussion rejecting Wells Fargo's challenge to Plaintiff's RESPA claim is set forth in the Court's Order Denying the Motion to Dismiss the SAC. (Docket No. 36 at 3-7.)

Wells Fargo again challenges the RESPA claim, arguing that an additional allegation made by Plaintiff eliminates the possibility that any RESPA violation by Wells Fargo caused her damages. Specifically, Wells Fargo points to Plaintiff's allegation that she was advised by Wells Fargo to forego making payments in order to qualify for loan modification. (¶ 12.) Thus, in Wells Fargo's view, any damages suffered by Plaintiff in the form of costs for force-placed insurance, damage to Plaintiff's credit rating, or Plaintiff's emotional distress were the result of Plaintiff's own actions, precluding her RESPA claim.

The Court disagrees. As the Court noted previously, due to Wells Fargo's failure to respond to the qualified written request ("QWR"), Plaintiff was "rendered unable to effectively dispute the precise extent of a loan delinquency because he or she lacks the information necessary" to do so. (Docket No. 36 at 5.) Plaintiff did not allege that she became delinquent as a result of the failure to respond to the QWR; rather, her allegations are more specific. Specifically, she alleges she is left with uncertainty regarding three specific payments that she

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-01245 JVS (MLGx) | Date | June 3, 2013 |
| Title | Amanda Gorton v. Wells Fargo Bank NA, et al. | | |

did make, totaling $6,300.  Thus, the rationale set forth in the Court's previous Order applies regardless of whether Plaintiff's failure to make her mortgage payments is a strategic voluntary decision or a simple financial inability to make those payments.

The Court denies the Motion to Dismiss the RESPA claim.

IV.     California's Homeowners Bill of Rights

Plaintiff cites a number of provision of the HBOR in support of her claim regarding Wells Fargo's actions with respect to her loan modification application.[3]  (See ¶¶ 38-52.) These provisions are preempted by federal law.

The Court previously held that the Home Owners Loan Act ("HOLA") applies to Wells Fargo.  (Docket No. 26 at 6-7.)  HOLA has a broad preemptive scope.  (See id. at 8-9.)

In Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001 (9th Cir. 2008), the Ninth Circuit addressed whether HOLA and the Office of Thrift Supervision ("OTS") regulations preempt state laws in the context of mortgage lending. Under HOLA, the OTS has "broad authority to issue regulations governing thrifts." Id. at 1005. These regulations have the same preemptive effect as federal statutes, id. (citing Fidelity Fed. Sav. & Loan Assoc. v. de la Cuesta, 458 U.S. 141, 153 (1982)), and OTS regulations occupy the entire field of lending regulation for federal savings associations, id. (citing 12 C.F.R. § 560.2(a)).

Subsection (b) of § 560.2 sets forth a laundry list of types of state laws preempted by HOLA, which, broadly speaking, are related to the loan origination process and the terms of those loans.  In contrast, subsection (c) sets forth a laundry list of the types of state laws that are not preempted, which includes real property law, homestead laws, and tort laws.

---

[3] Specifically, Plaintiff cites:  (1)  Cal. Civ. Code § 2923.4(a), which recites the legislative intent that borrowers have access to any available loss mitigation options such as loan modifications; (2) Cal. Civ. Code § 2923.5(a)(1)-(2), which requires servicers to contact a borrower regarding options for avoiding foreclosure before recording a notice of default; (3) several subsections of § 2923.6, which sets forth limitations on mortgage servicers' actions in connection with the loan modification process; (4) Cal. Civ. Code § 2924.10(a), which relates to the handling of applications for loan modification; and (5) Cal. Civ. Code § 2923.7(a), which requires a "single point of contact" when a borrower applies for loan modification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-01245 JVS (MLGx) | Date | June 3, 2013 |
| Title | Amanda Gorton v. Wells Fargo Bank NA, et al. | | |

The Silvas court approved of the following procedure in determining whether a state law is preempted under § 560.2:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

Id. (citing OTS, Final Rule, 61 Fed.Reg. 50951, 50966-67 (Sept. 30, 1996)).

Plaintiff argues that her claim is not preempted based on a change to the preemptive scope of OTS regulations imposed by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"). (Opp'n at 4-5 (noting the change from HOLA's broad field preemption to the National Bank Act's more narrow conflict preemption)).) However, HOLA field preemption still applies to loans taken out before the Dodd-Frank Act's date of enactment of July 21, 2010.[4] See, e.g., Settle v. World Sav. Bank, F.S.B., ED CV 11-00800 MMM, 2012 WL 1026103, at *11-15 (C.D. Cal. Jan. 11, 2012); Copeland-Turner v. Wells Fargo Bank, 800 F. Supp. 2d 1132, 1137-38 (D. Or. 2011); Molosky v. Washington Mut., Inc., 664 F.3d 109, 113 n.1 (6th Cir. 2011); but see Tamburri v. Suntrust Mortgage, Inc., 875 F. Supp. 2d 1009, 1021 (N.D. Cal. 2012) (without discussion, applying conflict preemption analysis to a mortgage loan that predated the Dodd-Frank Act's passage). Here, Plaintiff alleges her mortgage loan was taken out in 2008. Thus, HOLA field preemption applies to Plaintiff's claims, and the Court applies the Silvas test to determine whether Plaintiff's HBOR claim is preempted by HOLA.

Plaintiff's HBOR claim is based solely on communications regarding and actions or omissions related to either Plaintiff's application for loan modification, Wells Fargo's denial of that application, or Plaintiff's appeal of the denial. (¶¶ 41-48.) Thus, the Court concludes that it falls within the preemptive scope of § 560.2(b)(4), which applies to "state laws purporting to impose requirements regarding . . . (4) the terms of credit, . . . including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event

---

[4] Courts disagree on whether the Act's date of enactment or its effective date is the cutoff point. See Settle, 2012 WL 1026103 at *13. (C.D. Cal. Jan. 11, 2012). This distinction is irrelevant to the present case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-01245 JVS (MLGx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | Amanda Gorton v. Wells Fargo Bank NA, et al. | | |

external to the loan." Id.  Moreover, were it not within these confines, the Court would have no difficulty concluding that the law "affects lending" and that it is not otherwise saved from preemption by any subsection (c) category.

Thus, Plaintiff's second cause of action is preempted by HOLA, and the Court grants the Motion to Dismiss Plaintiff's HBOR claim.

V.    Conclusion

As set forth herein, the Court grants in part and denies in part the Motion to Dismiss the Third Amended Complaint.  (Docket No. 57.)  Because it is preempted by federal law, the Court dismisses with prejudice Plaintiff's second cause of action.  The remainder of the Motion to Dismiss is denied.

**IT IS SO ORDERED.**

|  | : | 03 |
|---|---|---|
| Initials of Preparer | enm | |